contract; that the backs were plaintiff's "No. 102" backs; that the seats were plaintiff's regular squab seats, which were of tow and cotton; that the imitation leather used on the sample chair was the same as that exhibited when the contract was negotiated; and that the number in connection with the imitation leather referred only to the color.

The defendant, however, was not bound by this testimony, and should have been permitted to controvert it, and to show that the sample chair was not like the sample parts used in the negotiations and represented to his architects to be the same as those described in the specifications. If this were not so, fraud could be perpetrated by inducing defendant to sign a contract for a particular style of chair as the one manufactured by plaintiff and designated by a number, when in fact the chair so manufactured and designated was not as it was represented to be by the plaintiff, and defendant would be obliged to resort to a suit in equity to have the contract annulled. We think he was not obliged to take that course, but may show in defense of this action that, even though the sample chair may be the same as plaintiff's No. 102 chair, it is not the same as the samples which were represented to be like plaintiff's No. 102 chair. This is true with respect to the imitation leather, and all parts of the chair.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

SHELDON v. OTSEGO & H. R. CO. (No. 321/118.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

STREET RAILROADS ⬥114—OPERATION—INJURY TO ANIMALS—SUFFICIENCY OF EVIDENCE.

In an action against a street railroad company for negligence resulting in injuries to horses frightened by the approach of the car, whereby they ran against it, evidence *held* sufficient to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–250; Dec. Dig. ⬥114.]

Appeal from Otsego County Court.

Action by Hiram W. Sheldon against the Otsego & Herkimer Railroad Company. Judgment for plaintiff was affirmed by the County Court (89 Misc. Rep. 482, 152 N. Y. Supp. 702), and defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Owen C. Becker, of Oneonta, for appellant.
Clarence E. Holmes, of Oneonta, for respondent.

SMITH, P. J. I have given this case careful attention, because of the earnest insistence of appellant's attorney that the facts proven do not justify the judgment recovered. I am unable, however, to agree with this contention. The plaintiff's servant was riding one horse and leading two others along the streets of Oneonta. The defendant's

car came upon the street back of the place where these horses were being led, and when it came to these horses one of the horses jumped around against the side of the car, and thereby became injured. It is the claim of the plaintiff, which the judgment of the City Court has established, that the car was negligently run, and that more care should have been taken in approaching these horses, and therefore that the plaintiff is entitled to recover for the damage caused by the defendant's negligence. It makes little difference whether the horse was hit by the forward end of the car, or whether the horse jumped into the car. The defendant's duty was to exercise care in running its cars upon a public street, that accidents might not be caused. From the plaintiff's proof it is possible to find that, when this car was over 1,000 feet from these horses, the horses appeared frightened, and were "bobbing" around and jumping upon the track, and that the defendant's motorman ought to have seen them and brought his car down to a very slow pace, if not to have stopped it for the moment entirely. It may also be found from the evidence that the motorman, disregarding his duty, either did not slow up at all, or at least did not slow up sufficiently, and that by reason thereof the horses became frightened when the car was opposite them, and in their fright this damage was caused. It is true that the testimony of the plaintiff's servant is the only testimony in behalf of the plaintiff. This servant is not now in the employ of the plaintiff. Nevertheless he is clearly interested in the action. So, also, are the defendant's witnesses, the motorman and conductor of this car. They swear that the car was brought to a slow pace, and that there was no evidence of any fright on the part of the horses. It seems clear, in reviewing the evidence, that a question of fact was presented, and that there was sufficient evidence upon which the City Court could base this judgment. Of course, we cannot see the witnesses. They were before the City Court. He could judge of their credibility. We would not be justified, nor would the County Court in the case at bar have been justified, in setting aside this verdict as against the weight of evidence.

I recommend, therefore, that the judgment be affirmed, with costs. All concur.